United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALLBIRDS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> GIESSWEIN WALKWAREN AG, et al., <br><br> Defendants. | Case No.  19-cv-05638-BLF <br><br> **ORDER DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS** <br><br> [Re: ECF 33] |

Plaintiff Allbirds, Inc. ("Allbirds") is a footwear company that since 2016 has manufactured a line of sneaker-type shoes made using Merino wool. These shoes are sold under the brand name WOOL RUNNERS® and have apparently enjoyed considerable commercial success. Plaintiff has filed suit against Defendants Giesswein Walkwaren AG ("Giesswein Austria") and M. Leonard International Inc. ("Giesswein USA") alleging, *inter alia*, that Defendants have used its WOOL RUNNERS® trademark in marketing Defendants' own lines of shoes. The Complaint includes claims for trademark infringement and unfair business practices under various state and federal laws.

This case comes before the Court on Defendants' motion to dismiss portions of the operative Complaint. Having reviewed the parties' submissions and the applicable case law, the Court DENIES the motion to dismiss.

**I.  BACKGROUND**

On September 6, 2019, Plaintiff Allbirds filed the operative Complaint in this case. ECF 1 ("Compl."). It alleges the following facts, which the Court must treat as true at the pleading stage. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

WOOL RUNNERS® were Allbirds's original and flagship product. Compl. ¶ 1. They are

"premium casual sneakers made from natural, environmentally sustainable materials," including Merino wool. *Id.* According to Allbirds, the design was "carefully honed" "after years of research and development." *Id.* ¶ 16. In addition to "their groundbreaking application of sustainable materials," WOOL RUNNERS® are touted as "beautiful," "remarkably comfortable," and "machine washable." *Id.* ¶¶1, 3. The following images of a WOOL RUNNERS® sneaker is included in the Complaint:




Compl. at 7.

       Since 2016, WOOL RUNNERS® have been sold throughout the United States via brick-and-mortar retail locations and the Allbirds website. Compl. ¶¶ 2,25. They "were an immediate market success" following their launch and continue to have a strong and loyal base of customers. *Id.* ¶¶ 17, 20. In addition to their commercial success—not to mention contributing to it— WOOL RUNNERS® have enjoyed widespread media coverage by publications such as *Time*, *Forbes*, and *Esquire*; many celebrities have even praised and been seen wearing WOOL RUNNERS®. *Id.* ¶¶ 1, 27. Allbirds has also spent substantial time, effort, and resources of its own promoting WOOL RUNNERS®. *Id.* ¶¶ 18, 26. Allbirds believes that it has thus accumulated substantial goodwill in the marketplace, and that the public has come to associate Allbirds's "iconic" WOOL RUNNERS® brand with high quality. *Id.* ¶ 3. Moreover, though Allbirds has introduced several other lines of footwear, WOOL RUNNERS® remain the most well-recognized and commercially successful of their brands. *Id.* ¶ 27.

       Defendant Giesswein USA—the parent company of which is Defendant Giesswein

Austria—also designs and sells footwear to consumers in the United States. Compl. ¶¶ 29, 30. Allbirds alleges that Defendants are one of several companies that have attempted to replicate the success of WOOL RUNNERS® "through unlawful imitation and appropriation." *Id.* ¶ 4. Specifically, Defendants sell shoes under the names "MERINO WOOL RUNNERS" and "MERINO RUNNERS." *Id.* ¶ 28. Allbirds believes that Defendants' use of these names infringes their WOOL RUNNERS® trademark, which they have registered with the U.S. Patent and Trademark Office ("USPTO"). *Id.* ¶ 4.

Allbirds also alleges that Defendants' shoe designs infringe the trade dress of WOOL RUNNERS®, which comprises the following elements: "sneaker-type shoe featuring wool-like texture on the entirety of the upper outer"; "embroidered eyelets"; "shoelaces composed of a three-yarn lace woven together"; "midsole and outsole of shoe appear attached as one piece"; and "a series of horizontal lines visible across the width of the sole of the shoe that extends the entire length of the sole." Compl. ¶¶ 21, 28. However, these trade dress allegations are not at issue in the instant motion.

Based on the foregoing, Allbirds has brought eight causes of action: (1) trademark infringement under 15 U.S.C. § 1114; (2) trade dress infringement under 15 U.S.C. § 1125; (3) false advertising under 15 U.S.C. § 1125(a); (4) unfair competition and false designation of origin under 15 U.S.C. § 1125; (5) trademark infringement and unfair competition under California common law; (6) trade dress infringement under California common law; (7) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (8) decree and order under 15 U.S.C. § 1119. On January 28, 2020, Defendants filed a partial motion to dismiss, which is now before the Court. ECF 33 ("Mot."). In that motion, Defendants seek dismissal of Counts 1, 4, 5, and 7 based on their defense of fair use, which they assert as to their use of the names MERINO WOOL RUNNERS and MERINO RUNNERS but not as to the alleged trade dress infringement.

## II.   LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

3

that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In other words, "[a] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

Affirmative defenses do not warrant dismissal of a complaint pursuant to Rule 12(b)(6) except in "rare cases." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). That is because the defendant usually bears the burden of pleading and proving an affirmative defense, *see, e.g., Gomez v. Toledo*, 446 U.S. 635, 640 (1980), and a plaintiff is not required plead the "subject of an anticipated affirmative defense," *Rivera v. Peri & Sons Farms*, Inc., 735 F.3d 892, 902 (9th Cir. 2013). Hence, "[d]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint," *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) and thus "raises no disputed issues of fact," *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

In evaluating the complaint, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). At the same time, a court need not accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

### III. DISCUSSION

As noted above, Defendants ask the Court to dismiss Count 1, 4, 5, and 7 on the ground that they make fair use of the terms "wool runners," "merino wool runners, and "merino runners." Mot. at 1. Defendants argue that even if Allbirds has a "successful and well-known brand" named WOOL RUNNERS®, it "cannot stop Giesswein from using the allegedly infringing terms to describe its products—namely, runners made of merino wool." Mot. at 1.

The Ninth Circuit has recognized two types of fair use in the context of trademark infringement: "nominative fair use" and "classic fair use." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1031 (9th Cir. 2010). Defendants assert only classic fair use in the instant motion to dismiss. Classic fair use involves a defendant's use of a term "in its primary, descriptive sense" to describe the defendant's product. *Fortune Dynamic, Inc.*, 618 F.3d at 1031. That is, at common law, "[a] junior user is always entitled to use a descriptive term in good faith in its primary, descriptive sense other than as a trademark." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002) (quoting 2 McCarthy on Trademark and Unfair Competition § 11:45 (4th ed.2001)). The classic fair use defense is now "specifically provided for by statute" in the Lanham Act. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 n.11 (9th Cir. 2010). The relevant provision, 15 U.S.C. § 1115(b)(4), provides a defense covering "use . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of [the allegedly infringing] party, or their geographic origin." Animating the defense is "the undesirability of allowing anyone to obtain a complete monopoly on use of a descriptive term simply by grabbing it first." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (2004).

By contrast, nominative fair use—which, again, is not at issue here—applies where a defendant has used the plaintiff's mark to describe the plaintiff's (allegedly *infringed*) product. *Cairns*, 292 F.3d at 1151. This defense recognizes that "it is often virtually impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark." *New Kids on the Block v. News America Publishing, Inc.*, 971 F.2d 302, 306 (9th Cir. 1992).

1    Relevant here, the Supreme Court has made clear that classic fair use is a true "affirmative
2    defense." *KP Permanent Make-Up, Inc.*, 543 U.S. at 120.  Classic fair use does not operate to
3    negate an element of a plaintiff's trademark infringement claim; rather, the defense precludes
4    liability even when a plaintiff has established every element of its claim. *See id.*; *Tabari*, 610 F.3d
5    at 1183 n.11.  Accordingly, Defendants have the burden of proving each element of classic fair
6    use, which are that (1) the defendant makes use of the term other than as a trademark, (2) only to
7    describe the defendant's goods, and (3) "in good faith."  *Marketquest Grp., Inc. v. BIC Corp.*, 862
8    F.3d 927, 935 (9th Cir. 2017) (quoting 15 U.S.C. § 1115(b)(4)).  To do so on a motion to dismiss,
9    they must rely only on allegations in the Complaint itself or judicially noticeable facts.  *ASARCO*,
10   765 F.3d at 1004; *see generally supra* Part II.  That is a difficult task; indeed, the Ninth Circuit has
11   recognized that fair use often implicates factual determinations cannot be resolved at the summary
12   judgment stage—much less at the pleading stage.  *See Fortune Dynamic*, 618 F.3d at 1031; *see
13   also Caveman Foods, LLC v. Lester*, No. C 12-1587 RS, 2013 WL 12172626, at *4 (N.D. Cal.
14   Feb. 14, 2013) (holding that "a motion to dismiss is not the proper procedural vehicle" for
15   adjudicating a fair use defense, "which requires the defendant to prove each of its elements with
16   evidence"); *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-CV-01451-VC, 2017 WL 6334142, at *2
17   (N.D. Cal. Apr. 11, 2017) (refusing to dismiss trademark claims based on a fair use defense
18   because "[t]he fair use inquiry is factually intensive" and cannot be resolved at the pleadings
19   stage).

20   Here, the Court finds that Defendants have not established the elements of fair use without
21   raising disputed facts.  As to the first and second elements (which appear to overlap substantially),
22   Defendants assert that "wool" is a descriptive word for "hair from sheep," "merino" is a
23   descriptive word denoting "a breed of sheep that produces soft good-quality wool," and "runners"
24   is a descriptive word for sneakers.  Mot. at 1; *see id.* at 4.  Defendants further contend that they use
25   these terms not as trademarks but rather "to tell consumers that [their] products are sneakers made
26   from merino wool."  Mot. at 6-7.

27   In support of their motion, Defendants ask the Court to take judicial notice of the
28   descriptive meanings of "wool," "Merino," and "runners" based on various dictionary definitions.

United States District Court
Northern District of California

*See* Mot. at 4; ECF 43 (request for judicial notice). But even if the Court accepts Defendants' assertions as to the meaning of these terms, Defendants have not established that they do not use the terms as trademarks, as required to make out a defense of fair use.[1] The Ninth Circuit has identified several factors that are relevant to whether a term is being used as a mark, including "indications that the term is being used to associate it with a manufacturer," "whether the term is used as a symbol to attract public attention," and "whether the allegedly infringing user undertook precautionary measures to minimize the risk that the term will be understood in its trademark sense." *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017) (internal quotation marks and alterations omitted). Based on these factors, Allbirds points to various allegations in the Complaint—which are construed as true—that support its view that Defendants do use the relevant terms as trademarks.

For instance, Allbirds alleges—and Defendants concede—that Defendants use the terms "merino runners" within its own trademark, "Giesswein Merino Runners." *See* Compl. ¶ 35; Mot. at 5. This suggests that the phrase "merino runners," at least, is being used to associate the product with the manufacturer. *See Humboldt Wholesale, Inc. v. Humboldt Nation Distribution, LLC*, No. C-11-4144 EMC, 2011 WL 6119149, at *5 (N.D. Cal. Dec. 8, 2011).

In addition, the "lettering, type style, size and visual placement and prominence of the challenged words" can show that they are being used to attract public attention. *Fortune Dynamic, Inc.*, 618 F.3d at 1040. Based on various images submitted in the Complaint, Allbirds alleges that the phrase "MERINO WOOL RUNNERS" is displayed prominently in "large or bolded lettering" and in all capital letters on Defendants' webpages and promotional materials. ECF 42 ("Opp.") at 7-9 (citing images at Compl. ¶¶ 41, 47). In these images, "MERINO WOOL RUNNERS" is not used within longer sentences or phrases; furthermore, these words are the largest ones on the page. The Court agrees with Plaintiff that these facts, if true, distinguish Defendants' use of the disputed terms from Defendants' cited cases. *See* Opp. at 9-10 (contrasting the instant case from *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 424 (S.D.N.Y. 2008) and *U.S. Shoe Corp. v. Brown*

---

[1] Accordingly, because the materials at issue in the request for judicial notice do not affect the Court's resolution of the instant motion, the Court need not resolve it.

7

*Grp., Inc.*, 740 F. Supp. 196, 199 (S.D.N.Y. 1990)).

Meanwhile, Defendants have not cited any allegations in the Complaint that weigh against use as a mark. Instead, Defendants simply assert that "the only plausible interpretation of [their] use of 'wool runners,' 'merino wool runners,' and 'merino runners' is to describe Giesswein's sneakers." The Court is not persuaded by this conclusory argument. As already discussed, Allbirds has made allegations that would permit a reasonable fact finder to conclude that Defendants use the disputed terms as trademarks. *Cf. Fortune Dynamic, Inc.*, 618 F.3d at 1031 ("Although it is possible that Victoria's Secret used the term 'Delicious' fairly—that is, in its 'primary, descriptive sense'—we think that a jury is better positioned to make that determination."). Thus, Defendants have not met their burden of establishing even the first element of the fair use defense.

Although the parties raise several other matters in their motion papers, the factual issues the Court has already identified preclude dismissal at this stage. Accordingly, the motion to dismiss is DENIED. Of course, Defendants remain free to assert their fair use defense at summary judgment and trial.

## IV. ORDER

For the foregoing reasons, Defendants' partial motion to dismiss is DENIED.

Dated: April 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge